Howell, J.
The plaintiff has appealed from a judgment on a rule taken by her on the late sheriff, C. Bienvenu, for not paying to her funds in his hands made on a fieri facias, issued in this case. The sum in his hands is $1,491, and his bill of costs and charges amounts to $1,498 41, a large number of the items of which are either unauthorized or not .in conformity with the “fee-bill;” but plaintiff has limited her opposition in this court to the following items, to-wit:
Storage.................................................... $ 30 00
Expenses at sale, delivery, etc.............................. 9 75
Keeping from December 13, 1865, to April 10,1866,119 days, at $6 per day, 3 keepers................................... 714 00
Keeping, April 10, 1866, to April 17, 1866, at $4 per day...... 28 00
Dray age..........................................."........ 25 00
Removing furniture.........................................50 00
Labor....................................... 33 00
Taking down gas fixtures................................... 15 00
Clerk’s fees, No..15,728, Fourth District Court............... 12 50
Clerk’s fees, No. 9,961, Sixth District Court.................. 71 95
Amounting to.......................................... $ 989 2Ó
It is shown that the movables in the charge of the keepers were at three different places, the residences of the three defendants; that three keepers were paid the sum of $546, and that the property was then removed to the sheriff’s warehouse, by which the other charges were incurred. Why the property — household movables — should have been so long in the charge of keepers, and’ then put in. a warehouse, is not explained.
The Code of Practice, Art. 659, makes, it the duty of the sheriff to put movables in a place of safety, under the penalty of being responsible for loss or injury, resulting from his fault or neglect; and the fee-bill (acts 1855, p. 162, ji 12) allows a compensation for keeping personal property at the discretion of the Court.
Safety of the property from loss or injury, and a fair compensation only for effecting this are contemplated, and reasonable expenses necessary for this purpose only should be allowed. Counsel for plaintiff, in argument, admitted that the' items of storage $30, and drayage .$25, might be properly allowed; but in the evidence before us, we see no justification for the items, expenses at sale, ‘removing furniture,’ ‘labor,’ and ‘ taking down gas fixtures.’ We find in the note of evidence, that the fees of the clerk of -this court (the Fourth) are not objected to; hence the item, clerk’s fees, $12 50, must be admitted. Wo have no means of testing the correctness of the clerk’s fees in the Sixth District *306 Court, even if they could be allowed out of this fund. One witness states that $2 per day is the vsual charge for keeping; and there is proof that the sheriff paid $546 for the keeping in this case — nearly $200 less than he has charged. We think the sum paid may be reimbursed; there is no evidence to warrant a reduction; which makes the sum of $375 70 to be paid to plaintiff.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the rule herein taken on 19th June, 1866, be made absolute so far as to order the late sheriff, C. Bienvenu, to pay over to the plaintiff the sum of $375 70 retained by him as costs, and that he pay the costs of this proceeding in both courts.